**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **HANS G. HIGGINS,** | ) |
| Petitioner, | ) CIV 07-2234 PHX PGR (MEA) |
| v. | ) REPORT AND RECOMMENDATION |
| **MCSO, SHERIFF ARPAIO, ARIZONA ATTORNEY GENERAL, DORA SCHRIRO,** | ) |
| Respondents. | ) |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

As noted by counsel for Respondents, Petitioner is now in the custody of the Arizona Department of Corrections. Therefore, the proper party respondents in this matter are Dora Schriro and the Arizona Attorney General.

On November 19, 2007, while in the custody of the Maricopa County Sheriff's Department, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his April 2007 conviction by the Maricopa County Superior Court. See Docket No. 1.  Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") on June 5, 2008.  See Docket No. 21.  Petitioner filed a reply to the answer on June 25, 2008.  See Docket No. 22.

**I Procedural background**

On June 12, 2006, Petitioner was indicted by a grand jury on one count of theft of a means of transportation and one count of unlawful flight from a law-enforcement vehicle. See Answer, Exh. A. The indictment was later amended to allege Petitioner had six prior felony convictions. Id., Exhs. B & C.

Petitioner's first trial on the 2006 charges, conducted in January of 2007, ended in a mistrial due to the 12-member jury being unable to reach a verdict. Id., Exh. D at 2; Exh. E at 3; Exh. N at 4 n.1. Petitioner unsuccessfully petitioned the Arizona Court of Appeals and the Arizona Supreme Court for a special action. Id., Exhs. E & F; Petition at 16. In his special action, Petitioner asserted the trial judge erred by denying his motion for a directed verdict and that there was insufficient evidence to find he had driven the allegedly stolen vehicle. See Answer, Exh. E. The Arizona Court of Appeals and the Arizona Supreme Court declined jurisdiction over the special action. See id., Exh. F.

Petitioner's second trial in March of 2007 resulted in the 12-member jury finding Petitioner guilty on both counts charged in the indictment. See id., Exh. G; Exh. H at 28; Exh. I; Exh. N at 4.

At a sentencing hearing conducted December 7, 2007, the state trial court denied Petitioner's motion for a new trial. Id., Exh. H. The trial court also found Petitioner had three prior felony convictions for aggravated driving under the influence of alcohol. Id., Exh. H. At the hearing Petitioner's

-2-

counsel argued for the mitigation of Petitioner's sentence based on his history of substance abuse and mental illness, and his poor physical health. Id., Exh. H. Counsel noted Petitioner's prior felony convictions occurred more than ten years prior to his 2006 offenses. Id., Exh. H.

After consideration of the evidence and the statements made at the hearing the state trial court sentenced Petitioner to a mitigated term of 7.5 years imprisonment pursuant to his conviction for theft of means of transportation. Id., Exh. H. Petitioner was also sentenced to a concurrent super-mitigated term of 3 years imprisonment pursuant to his conviction for unlawful flight from a law-enforcement vehicle. See id., Exhs. H & J.

Petitioner filed a timely notice of appeal with regard to his convictions and sentences. See id., Exh. K. Petitioner was assigned counsel to represent him in his direct appeal. Id., Exh. K & N. On May 23, 2008, Petitioner's appointed counsel filed a brief asserting counsel could find no meritorious issues to raise on Petitioner's behalf. Id., Exh. N.[1] Petitioner's counsel also filed a motion for an extension of the time allowed for Petitioner to file a *pro se* brief in his direct appeal. See id., Exh. O. On May 28, 2008, the Arizona

---

[1] The premise of Petitioner's special action was that the state had produced no evidence in his first trial that Petitioner had driven the allegedly stolen vehicle and, accordingly, that he was entitled to a direct verdict and his re-trial should be prohibited. In Petitioner's counsel's statement of facts in his Anders brief he notes a witness "pointed out defendant in court as the man he saw driving the victim's vehicle on the date in question." Answer, Exh. N at 5.

-3-

Court of Appeals granted the motion and set a deadline of July 7, 2008, for Petitioner to file a brief in his direct appeal. Id., Exh. P.

The petition for federal habeas relief was filed on November 19, 2007, approximately one month prior to the date that Petitioner was sentenced by the state court. Accordingly, the federal habeas petition was unarguably filed prior to the date that Petitioner's convictions and sentences will become final upon the completion of direct review. In his habeas petition, Petitioner asserts he is entitled to relief because his detention is illegal and a miscarriage of justice in violation of his rights pursuant to the Eighth and Fourteenth Amendments to the United States Constitution. See Docket No. 1 at 6. Petitioner contends he exhausted his federal habeas claims by raising them by means of a special action proceeding before the Arizona Supreme Court.

**II Analysis**

Absent particular circumstances, the Court should not entertain a petition for a writ of habeas corpus before the petitioner's state remedies have been exhausted. See 28 U.S.C. § 2254(b) & (c) (2006 & Supp. 2008).[2] Although it may deny

---

[2]
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process

-4-

relief on the merits of an unexhausted claim, the District Court may not grant federal habeas relief on the merits of a claim which has not been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991).

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c) (2006 & Supp. 2008); Whaley v. Belleque, 520 F.3d 997, 1003 (9th Cir. 2008). Unless there is "an absence of available State corrective process" or the existence of circumstances that "render such process ineffective to protect the rights of the applicant" the District Court should not consider the merits of an unexhausted claim for federal habeas relief. See Duckworth v. Serrano, 454 U.S. 1, 3, 102 S. Ct. 18, 19-20 (1981) ("An exception [to the exhaustion requirement] is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."); Trimble v. Kansas, 927 F. Supp. 401, 403 (D. Kan. 1996) ("this case presents the unusual situation of an inmate whose claims almost surely will not be considered by the state court until any possibility of meaningful relief has passed...").

---

ineffective to protect the rights of the applicant.
28 U.S.C.A. § 2254(b)(1) (2006 & Supp. 2008).

Petitioner has not exhausted any federal habeas claim regarding his convictions and sentences because he may still raise any claim stated in his habeas petition in the state courts in his direct appeal. Petitioner has not demonstrated there is an absence of an available state corrective process to address his claims that his convictions and sentences violate his federal constitutional rights. Accordingly, pursuant to a doctrine akin to ripeness, the District Court should not entertain the claims raised in the federal habeas petition because it is possible the state court will redress any error asserted by Petitioner. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (holding that when a petitioner's appeal of his state criminal conviction is pending the petitioner must await the outcome of his appeal before his state remedies are exhausted); Fordjour v. Stewart, 44 Fed. App. 789, 790 (9th Cir. 2002) (concluding a habeas petition was "premature" when the petitioner's direct appeal was pending in the state courts).

When presented with a federal habeas petition containing only unexhausted claims which are not obviously without merit, the Court should dismiss the petition without prejudice and allow Petitioner to exhaust his claims in the state courts. See, e.g., Rose v. Lundy, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199 (1982); Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

As noted by Respondents, if the instant habeas petition is dismissed without prejudice, Petitioner may file a federal habeas petition asserting his claims after he has properly exhausted them in the state courts in his now-pending direct appeal or in an action for state post-conviction relief. Such a federal habeas petition would not be deemed a forbidden "second or successive" petition and be dismissed, but instead it would be considered as an initial petition. See Slack v. McDaniel, 529 U.S. 473, 486-87, 120 S. Ct. 1595, 1605 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition."). Additionally, the dismissal of the pending petition without prejudice would not implicate a statute of limitations issue with regard to the claims stated by Petitioner because the statute of limitations will not begin to run until Petitioner's convictions and sentences are final upon the completion of state review in his direct appeal. See, e.g., Jackson v. Roe, 425 F.3d 654, 660-61 (9th Cir. 2005). Furthermore, with regard to Petitioner's allegations about the record on appeal, if Petitioner's direct appeal is denied by the Arizona Supreme Court based on an erroneous determination of the facts, Petitioner's concerns regarding his access to the record in his case may be pursued in proceedings pursuant to Arizona Rules of Criminal Procedure. See Ariz. R. Crim. P. 31.18(c) & 32.1 (2007).

In his reply to the response to his habeas petition, Petitioner contends he is challenging the prosecutor's malfeasance in "forcing" a mistrial in his first trial. Petitioner contends the violation of his constitutional rights in the first trial resulted in his second trial rather than an outright acquittal and, therefore, that any claims regarding his first trial are ripe for review. Petitioner asserts his conviction and sentence violate the Eighth Amendment because he is actually innocent of the crimes of conviction, and he asserts he was a passenger in the vehicle and not the driver of the vehicle. To the extent Petitioner argues he has exhausted his federal habeas claims by presenting them in a special action petition, such presentation did not satisfy the exhaustion requirement because the question presented in the special action was not decided on the merits. See Hayes v. Kincheloe, 784 F.2d 1434, 1437 (9th Cir. 1986).

### III Conclusion

The petition for federal habeas relief is premature because Petitioner's direct appeal is still pending in the Arizona state courts. Accordingly, any claim presented in the habeas petition has not been exhausted by fair presentment to the state courts in a procedurally correct manner. Because the state court has not had an opportunity to rule on the merits of the claims stated in the federal habeas petition and there is no statute of limitations or second or successive petition issue implicated by the dismissal of the petition, Mr. Higgins' petition should be dismissed without prejudice.

**IT IS THEREFORE RECOMMENDED that** Mr. Higgins' Petition for Writ of Habeas Corpus be **denied and dismissed without prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 30th day of June, 2008.

_____
Mark E. Aspey
United States Magistrate Judge